FILED

JUN - 1 2010

**RICHARD W. WIEKING**
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EVERETT McCOY,

    Plaintiff,

    v

M COX, et al,

    Defendant(s).
_____/

No C-03-3135 VRW (PR)

SCHEDULING ORDER FOLLOWING REMAND

I

On July 7, 2003, plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), filed a pro se civil rights complaint under 42 USC § 1983 against various SVSP officials seeking declaratory, injunctive and monetary relief. Doc #1. Per order filed on November 26, 2003, the court found that, when liberally construed, the allegations in plaintiff's complaint stated cognizable claims under 42 § 1983 against the named defendants and ordered the United States Marshal to serve them. Doc #7. Defendants moved for dismissal under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff did not exhaust available

1  administrative remedies under 42 USC § 1997e(a) before he filed
2  suit. Doc #11.
3  　　　　On November 15, 2004, the court granted defendants' motion
4  to dismiss. Doc #18. Although plaintiff's complaint contained five
5  distinct claims - (1) Correctional Officer M Cox filed a false
6  disciplinary report against plaintiff in retaliation for plaintiff
7  complaining to Cox's supervisor; (2) Correctional Lieutenant R J
8  Bass violated plaintiff's due process rights at the hearing on the
9  disciplinary report; (3) Chief Deputy Warden E J Caden and CDC Chief
10 of Inmate Appeals N Grannis violated plaintiff's due process rights
11 in their responses to his appeal of his guilty finding; (4) Warden A
12 A Lamarque failed to train staff adequately regarding handling of
13 inmates in mental health program; and (5) Bass imposed excessive
14 punishment after finding plaintiff guilty of the disciplinary
15 violation - the court found that plaintiff exhausted available
16 administrative remedies with respect to only one of these claims,
17 claim 2. Id at 3-4. Pursuant to the law of a majority of the
18 circuits at the time, the court dismissed the entire action without
19 prejudice and instructed plaintiff that he could refile his
20 complaint after exhausting California's prison administrative
21 process as to all claims or, alternatively, file a new complaint
22 containing only exhausted claims. Id at 5. Plaintiff appealed.
23 Doc #20.
24 　　　　On March 26, 2007, the Ninth Circuit vacated the order of
25 dismissal and remanded for reconsideration in light of Jones v Bock,
26 549 US 199 (2007). Doc #34. In Jones, the Supreme Court resolved a
27
28 　　　　　　　　　　　　　　　　　　　2

split in the circuits by holding that a prisoner's compliance with the exhaustion requirement as to some but not all claims does not warrant dismissal of the entire action. See Jones, 549 US at 222-24. The Court explained that the district court instead should dismiss the unexhausted claims and permit the prisoner to proceed with the exhausted claims. See id.

On July 27, 2007, this court dismissed claims 1, 3, 4 and 5 on the ground that none of them was exhausted before plaintiff filed his complaint and made clear that the action would proceed with respect to claim 2 only, ie, the claim that defendant Bass violated plaintiff's due process rights at the disciplinary hearing. Doc #37.

On September 28, 2007, Bass responded by filing a motion to dismiss the due process claim against him on the ground that it is barred by the rationale of Heck v Humphrey, 512 US 477 (1994). Doc ## 40 & 41. Plaintiff sought and obtained an extension of time to November 30, 2007 to file an opposition, but never filed one. See Doc ## 43 & 45. On April 11, 2008, the court granted defendant Bass' motion to dismiss. Doc #47. Again, plaintiff appealed. Doc #50.

On October 23, 2009, the Ninth Circuit affirmed the court's order dismissing the claims against defendants Caden, Grannis and LaMarque (claims 3 and 4), found that plaintiff had abandoned any challenge to the dismissal of his claims against defendant Bass (claims 2 and 5) but vacated the judgment dismissing the retaliation claim against defendant Cox (claim 1). Doc #57.

3

1  Specifically, citing the recent decision in <u>Griffin v Arpaio</u>, 557 F
2  3d 1117, 1120 (9th Cir 2009), the Ninth Circuit directed this court
3  "to consider whether * * * prison grievance number SVSP-D-02-2294
4  and its attachments were sufficient to put the prison on notice that
5  Cox had allegedly filed a false disciplinary report against
6  [plaintiff] because [plaintiff] had complained to Cox's supervisor."
7  Doc #57 at 2.
8       On March 12, 2010, the Ninth Circuit issued the mandate.
9  Doc #60. On May 18, 2010 the clerk reopened the action.

11                          II
12      The court now sets the following briefing schedule:
13 within thirty (30) days from the date of this order, defendant Cox
14 must file supplemental briefing addressing whether plaintiff
15 exhausted his retaliation claim against Cox prior to filing suit,
16 ie, "whether * * * prison grievance number SVSP-D-02-2294 and its
17 attachments were sufficient to put the prison on notice that Cox had
18 allegedly filed a false disciplinary report against [plaintiff]
19 because [plaintiff] had complained to Cox's supervisor." Doc #57 at
20 2. Plaintiff must respond within fifteen (15) days of his receipt
21 of defendant's supplemental briefing.
22      IT IS SO ORDERED.

                                  VAUGHN R WALKER
                                  United States District Chief Judge

G:\PRO-SE\VRW\CR 1996-2006\CR.03\McCoy-03-3135-scheduling order after remand.wpd

4